FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 3 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEVORAH SHABTAI,

                         Plaintiff,

         -v-

NEW YORK CITY BOARD OF EDUCATION,

                        Defendant.
------------------------------------------------------------x

DECISION and ORDER
07-CV-3587-ENV-LB

VITALIANO, United States District Judge:

     Plaintiff Devorah Shabtai, appearing *pro se*, brings this action against the New York City Board of Education. This is Plaintiff's sixth lawsuit filed in the District Court for the Eastern District of New York, and her second lawsuit naming the Board of Education and alleging the same claims appearing in the instant complaint. Plaintiff's application to proceed *in forma pauperis* is granted for the limited purposes of this order, but for the reasons set forth below, the complaint is dismissed in its entirety.

## BACKGROUND

     Plaintiff alleges that she was a high school math teacher employed by the New York City schools. (Complaint ¶ 13.) From the beginning of her employment, she received unsatisfactory ratings. (Complaint ¶ 15.) She alleges that she was initially loved by her students at Brooklyn Technical High School, but that she began having difficulty when she was transferred to Canarsie High School and taught "troubled children . . . that were very abusive toward her." (Complaint ¶¶ 17-18.) She alleges a lack of support from the school's administration and from the United Federation of Teachers. (Complaint ¶¶ 20, 24-26.) Ultimately, she was terminated from her job.

     Plaintiff previously filed a lawsuit against the same defendant and multiple individual

defendants. See Shabtai v. Board of Education of the City of New York, et al., Docket No. 03-CV-1150 (FB). In that case, she alleged that the defendants had conspired to terminate her from employment as a substitute math teacher and defamed her by alleging that she suffered from mental illness and accusing her of child abuse and engaging in prostitution. The Court dismissed that complaint because Plaintiff failed to show the existence of a conspiracy to violate her constitutional rights based on any racial or class-based animus, and thus failed to state a claim under 42 U.S.C. §§ 1985(3) and 1986.

She repeats many of those allegations in the current complaint, and alleges "new evidence": "the real reason behind plaintiff Devorah's termination from employment as a high school math teacher 'Family Court findings of abuse/neglect' which was totally false and fabricated by the New York City Department of Education." (Complaint; Statement of Claim.) However, her primary concern appears to be her inability to get "a reasonable job of at least $3,000 by the city of New York" (Complaint ¶ 29), which she attributes to "the fact that plaintiff Devorah's name is smeared by the New York City Department of Education claiming that she committed 'child abuse'" (Complaint ¶ 27). Attached to her Complaint is a December 26, 2006 letter from the New York City Department of Education, Division of Human Resources, which states that the denial of a teacher's license was based in part on a 2003 Family Court finding of "abuse/neglect." (Complaint, Ex. 1: Letter dated December 26, 2006 from the New York City Department of Education, Division of Human Resources.) The letter further states: "As you know, you were given the opportunity to review the above information with the Office of Personnel Investigation. An appeal of this denial based on an appraisal of your record may be made in writing within thirty (30) days. . . ." (Id.) Plaintiff claims that "The family court never

2

found any abuse or neglect" (Complaint ¶ 2), but she does not indicate any steps she took to contest the information with the Office of Personnel Investigation. She acknowledges that she was arrested and charged with "false child abuse reporting" and claims that she "lost custody of her children due to 'not controlling herself in court' according to the retired Judge Bob Clark of Queens Family Court." (Complaint ¶¶ 4, 7.) She asserts that the Board of Education fabricated the family court findings of abuse/neglect as "a bogus reason to prevent plaintiff Devorah from ever stepping foot into a classroom." (Complaint ¶ 6.)

Plaintiff seeks compensatory and punitive damages and "clearance of her name from the city's system claiming that she abused children."

## DISCUSSION

### The Instant Complaint

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is *pro se*, her complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal

3

jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Plaintiff invokes the Court's jurisdiction on the basis of "plaintiff's constitutional rights." A claim for violations of federal constitutional rights may be brought pursuant to 42 U.S.C. § 1983. However, Plaintiff does not indicate which of her rights she believes was violated, nor does she allege any facts that support a finding of constitutional violation. The gravamen of her complaint appears to be her inability to find "a reasonable job of at least $3,000 by the city of New York" because her "name is smeared" by the Board of Education. (Complaint ¶¶ 27, 29.) She attaches the December 26, 2006 letter stating that the denial of a teacher's license was based in part on a 2003 Family Court finding of "abuse/neglect," and indicating the procedure for appealing the denial. Plaintiff claims that this finding is a fabrication. However, she does not indicate whether she followed the stated procedures to contest that information or appeal the denial.

Plaintiff's presentation of "new evidence" of allegedly fabricated reasons for denying her

4

teacher's license or terminating her employment with the Board of Education, without more, fails to establish a violation of her right to due process or of any other constitutional right. Accordingly, her complaint must be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Plaintiff's Litigation History**

Four of Plaintiff's previous lawsuits filed in the Eastern District of New York were dismissed. See Shabtai v. Board of Education of the City of New York, et al., 03-CV-1150 (FB) (E.D.N.Y. Mar. 18, 2003)(dismissing for failure to state a claim on which relief may be granted), appeal dismissed, Mandate No. 03-7357 (2d Cir. Oct. 3, 2003); Shabtai v. Giuliani et al., 01-CV-4112 (FB) (E.D.N.Y. June 28, 2001)(dismissing for lack of subject matter jurisdiction and for failure to state a claim), cert. denied, 538 U.S. 984 (April 21, 2003); Shabtai v. City of New York, et al., No. 01-CV-502 (FB) (E.D.N.Y. Dec. 17, 2001), cert. denied, 538 U.S. 1002 (April 28, 2003); Shabtai v. Levande, et al., 99-CV-8466 (FB) (E.D.N.Y. Jan. 23, 2001)(dismissing the complaint for failure to conform with the dictates of Rule 8 of the Federal Rules of Civil Procedure), aff'd, 38 Fed. Appx. 684, 2002 WL 1378633 (2d Cir. June 26, 2002). In this Court's March 18, 2003 Order dismissing her most recent prior lawsuit, Docket No. 03-CV-1150 (FB), Plaintiff was warned that the further filing of complaints based on allegations regarding her termination from employment with the New York City Board of Education may result in the issuance of an order barring the acceptance of any future complaint without first obtaining leave of the Court. See 28 U.S.C. § 1651.

Under the All-Writs Act, this Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

§ 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. New York City Board of Educ., 112 F.3d 69 (2d Cir. 1997)(per curiam)(filing injunction may issue if numerous complaints filed are based on the same events). Plaintiff is again cautioned that the further filing of repetitive complaints, filed *in forma pauperis*, may result in the issuance of an order barring acceptance of such complaint, without first obtaining leave of the Court pursuant to 28 U.S.C. § 1651.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is hereby dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3); Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir. 1998)("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

DATED: Brooklyn, New York
October 3 , 2007